IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROL WAVER,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )     No.  13 C 6701
                                )
ELGIN COMMUNITY COLLEGE, et al.,)
                                )
          Defendants.           )

## MEMORANDUM OPINION AND ORDER

Defendants Community College District 509 (referred to in the Complaint as "Elgin Community College" and, for simplicity, referred to in this memorandum opinion and order simply as "College") and its President David Sam ("Sam") have just filed a timely Notice of Removal ("Notice") of this action filed against them by pro se plaintiff Carol Waver ("Waver"), bringing this action to this federal District Court from the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois.  Exhibit A to the Notice is Waver's turgid Complaint at Law, while the Notice is also accompanied by defendants' Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Complaint, a memorandum of law ("Memorandum") in support of that motion and a bulky group of other documents, including several motions by defendants.

Defendants' Memorandum challenges each of the grounds advanced, under both federal and state law, in Waver's confusingly repetitive and sprawling narrative.  For reasons that will become apparent, this opinion limits itself to analysis of

the two federal sources sought to be invoked by Waver: the anti-discrimination provisions of Title VII and the anti-sex-discrimination prohibition in Title IX of the Education Amendments of 1972 ("Title IX," 20 U.S.C. §1681).

Waver's purported Title VII claim is predicated on an EEOC Charge of Discrimination filed by Waver and characterized by her as being based on "retaliation" and "disability." As to that claim, it is unnecessary to look into the asserted substantive flaws set out in the Memorandum, for Waver falls flat right out of the starting gate. That is so because Waver's Complaint was filed long after the expiration of the 90 day period allowed by law following EEOC's issuance of a right-to-sue letter (one of the documents submitted by defendants, EEOC's Dismissal and Notice of Rights form, includes a 90-day notice dated April 13, 2012, while Waver did not file her state court Complaint until August 13, 2013). That being the case, her Title-VII-based claim is clearly frivolous in the legal sense, and defendants' motion to dismiss that claim is granted.

Waver's effort to establish any Title IX claim fails for different but equally fatal reasons, for any purported claim of either sex discrimination or sexual harassment cognizable under that statute would be equally frivolous in the legal sense. As for the former, Waver's basic problem is that each of the persons whom she identifies as having been treated more favorably is also

2

a woman.  And as for the latter, the only hint of purported harassment is contained in Complaint ¶16, and what is said there does not even begin to approach an actionable claim.  In sum, defendants' motion to dismiss any potential claim under Title IX is dismissed as well.

With the sole potential federal underpinnings for Waver's lawsuit thus having been removed, there is no real predicate for this Court's retention of any of Waver's other claimed grounds for relief, each of which is based on state law and was (for removal purposes) piggybacked onto the purported federal claims under 28 U.S.C. s1367.  And with all of those state law claims now lacking any federal anchor, it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (the language of 28 U.S.C. §1447(c)), and the just-cited section mandates that "the case shall be remanded."  This Court so orders, and it directs the Clerk of this District Court to mail a certified copy of the order of remand to the Clerk of the state court of origin forthwith.[1]

_____
                          Milton I. Shadur
                          Senior United States District Judge
Date:   September 26, 2013

---

[1] This disposition renders moot each of the defendant's motions that they have tendered together with the Notice and its other accompanying documents.  Hence those motions are denied on mootness grounds.